UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRED JONES, SR., | ) | CV F- 05-0596 OWW DLB P |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | |
| COLETTI, et.al., | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's amended complaint filed June 24, 2005.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In the instant case, plaintiff brings action against the following deputies employed at the Lerdo Pretrial Facility: Coletti, Dannelly, M. Stancliff, B. Wonderly, and A. McDaniels. Plaintiff also sues Kern County District Attorney Edward Jagels, and Deputy District Attorney's Saleen and Yraceburn. Plaintiff alleges that on April 8, 2005, defendant Jagels demanded that plaintiff be removed from prison and transported for prosecution in the County of Kern. He alleges that defendants Coletti, Dannelly, M. Stancliff, B. Wonderly, and A. McDaniels refused to transport his religious material which prevented him from exercising his religion. He also alleges that defendant Stancliff humiliated and intimated him during the exercise of his prayer and demanded that he remove his prayer cap. He further alleges that defendants Wonderly and McDaniels confiscated his skull cap which further prevented him from exercising his religion while at Lerdo Pretrial Facility.

Plaintiff alleges that Deputy District Attorneys Saleen and Yraceburn attempted to prosecute plaintiff on false and fabricated charges.

      A.     Defendants Jagels, Saleen and Yraceburn.

Plaintiff is advised that prosecutors are absolutely immune from civil suits for damages under section 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Because plaintiff's allegations relate to the district attorney's actions in performing functions intimately associated with the judicial phase of the criminal process, plaintiff's claims against defendants Jagels, Saleen and Yraceburn must be dismissed on grounds of prosecutorial immunity. Id.; see Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2).

      B.     First Amendment Claim

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. Id.; McElyea v. Babbit,

833 F. 2d 196, 197 (9th Cir. 1987). "In order to establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith." Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997). Plaintiff has alleged sufficient facts to state a cognizable First Amendment claim against defendants Coletti, Dannelly, M. Stancliff, B. Wonderly, and A. McDaniels.

D.      Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendants Coletti, Dannelly, M. Stancliff, B. Wonderly, and A. McDaniel for denial of his First Amendment rights. However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendants Coletti, Dannelly, M. Stancliff, B. Wonderly, and A. McDaniels on his First Amendment claim only, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff summonses and USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Coletti, Dannelly, M. Stancliff, B. Wonderly, and A. McDaniel.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named

defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Coletti, Dannelly, M. Stancliff, B. Wonderly, and A. McDaniel on his First Amendment claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:     March 30, 2006                         /s/ Dennis L. Beck
3b142a                                       UNITED STATES MAGISTRATE JUDGE