1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT FOR THE

7                     EASTERN DISTRICT OF CALIFORNIA

8

9  FREDERICK JONES, SR.,          )        No. CV-F-05-596 OWW/DLB P
                                  )
10                                )        ORDER DENYING REQUEST FOR
                                  )        RECONSIDERATION BY DISTRICT
11              Plaintiff,        )        JUDGE OF MAGISTRATE JUDGE'S
                                  )        ORDER (Doc. 20)
12        vs.                     )
                                  )
13                                )
   COLETTI, et al.,               )
14                                )
                                  )
15              Defendant.        )
                                  )
16  _____ )

17      By Order filed on March 31, 2006, the United States

18  Magistrate Judge ruled that Plaintiff's Second Amended Complaint

19  states a claim upon which relief can be granted against

20  defendants Coletti, Dannelly, M. Stancliff, B. Wonderly, and A.

21  McDaniel for denial of First Amendment rights.  The Magistrate

22  Judge ruled that the Second Amended Complaint did not state a

23  claim against defendants Jagels, Saleen and Yraceburn for

24  attempting to prosecute Plaintiff on false and fabricated charges

25  because of absolute prosecutorial immunity.  The Magistrate Judge

26  ruled that Plaintiff could file a Third Amended Complaint or

                                  1

Case 1:05-cv-00596-OWW-DLB   Document 22   Filed 02/13/07   Page 2 of 6


1  could elect to proceed on the Second Amended Complaint.

2      On April 25, 2006, Plaintiff filed a Request for

3  Reconsideration by a District Judge pursuant to Rule 72-303,

4  Local Rules of Practice.  The standard of review for such request

5  is whether the contested ruling is clearly erroneous or contrary

6  to law.  Rule 72-303(f).

7      Plaintiff asserts that the Order attempts to "thwart"

8  Plaintiff's rights under the Equal Protection Clause of the

9  Fourteenth Amendment.  Plaintiff asserts that his claims arise

10  "from County employees conspirital [sic] acts, of means to

11  legally funel [sic] funds to county treasure [sic], by using

12  District Attorney & police officer's [sic] to falsely arrest

13  people, for detention to annually collect funds for

14  housing/designated facilities", that "Defendant's [sic]

15  prosecuted Plaintiff on false and fabricated charges who later

16  recognized it and later dismissed, but the initiation of the

17  charges were inadequately investigated with no basis for

18  Plaintiff's involvement", that "if proper investigation would

19  have occurred Plaintiff would not have been arrested, charged or

20  deprived of life and liberty".  Plaintiff argues that the

21  defendant prosecutors are not entitled to absolute prosecutorial

22  immunity "with respect to actions in executing certification for

23  determination of probable cause in connection with filing of

24  charges against accused ... in which accused alleged that

25  certification contained false statements & acts of filing

26  certification was not one of traditional functions of advocate

1  ...."  Plaintiff further notes that he named the defendant

2  prosecutors in both their official and individual capacities.

3      A prosecutor is protected by absolute immunity from

4  liability for damages under Section 1983 "when performing the

5  traditional functions of an advocate." *Kalina v. Fletcher*, 522

6  U.S. 118, 131 (1997).[1]  However, "the actions of a prosecutor are

7  not absolutely immune merely because they are performed by a

8  prosecutor." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

9  Prosecutorial immunity depends on "the nature of the function

10  performed, not the identity of the actor who performed it."

11  *Kalina*, 522 U.S. at 127.  Prosecutors are entitled to qualified

12  immunity, rather than absolute immunity, when they perform

13  administrative functions or "investigative functions normally

14  performed by a detective or police officer."  *Kalina*, 522 U.S. at

15  126.  The official seeking absolute immunity bears the burden of

16  showing that such immunity is justified for the function in

17  question.  The presumption is that qualified rather than absolute

18  immunity is sufficient to protect government officials in the

19  exercise of their duties.  *Burns v. Reed*, 500 U.S. 478, 486-487

20  (1991).  To qualify as advocacy, an act must be "intimately

21  associated with the judicial phase of the criminal process."

22  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Thus, a prosecutor

23  enjoys absolute immunity from liability from a suit alleging that

24  he maliciously initiated a prosecution, used perjured testimony

25  _____

26      [1]If this absolute immunity applies, it makes no difference
that the prosecutor was sued in his individual capacity.

3

at trial, or suppressed material evidence at trial.  *Imbler*, 424

U.S. at 430.  A prosecutor is also absolutely immune for direct

participation in a probable cause hearing, *Burns*, 500 U.S. at

491, and for preparing and filing charging documents.  *Kalina*,

522 U.S. at 130.  *Buckley v. Fitzsimmons* denied absolute immunity

to prosecutors who fabricated evidence "during the early stage of

the investigation" when "police officers and assistant

prosecutors were performing essentially the same investigatory

functions."  509 U.S. at 273.  *Buckley* also denied absolute

immunity to prosecutors accused of holding a defamatory press

conference, concluding that that activity "had no functional tie

to the judicial process."  Id. at 277.  The Supreme Court has

also held that a prosecutor does not have absolute immunity for

providing legal advice that probable cause exists to arrest a

suspect, *Burns*, 500 U.S. at 491, or for personally attesting to

the truth of evidence in support of charging documents.  *Kalina*,

522 U.S. at 130.  As explained in *Genzler v. Longanbach*, 410 F.3d

630, 637-638 (9th Cir.2005), *cert. denied*, ___ U.S. ___, 126

S.Ct. 736, 737, 749 (2005):

> The analysis of whether prosecutorial acts
> constitute advocacy or police-type
> investigative work is complicated by the fact
> that the Supreme Court has resisted any
> attempt to draw a bright-line between the
> two.  In [*Buckley*], the court noted that '[a]
> prosecutor neither is, nor should consider
> himself to be, an advocate before he has
> probable cause to have anyone arrested.' 509
> U.S. at 274 ... This might suggest that once
> probable cause is present, or once an arrest
> has been made, a prosecutor assumes an
> advocacy-related role and enjoys absolute

4

immunity.  However, in a note appended to the quoted passage, the Court rejected this approach, explaining that 'a determination of probable cause does not guarantee a prosecutor absolute immunity for liability for all actions taken afterwards.  Even after that determination ... a prosecutor may engage in "police investigative work" that is entitled to only qualified immunity.'  *Id*. at 274 n.5 ....

The Court has also rejected the idea that prosecutors are entitled to qualified immunity when they are engaged in investigation.  In [*Buckley*], the Court said that 'evaluating evidence and interviewing witnesses' in preparation for trial is advocacy.  *Id*. at 273.  This is true, notwithstanding the fact that some of the activities a prosecutor takes in preparation for trial, like the interview of witnesses, may be investigatory in nature.  The question is whether a prosecutor's investigation is of the type normally done by police, in which case prosecutors enjoy only qualified immunity, or whether an investigation is bound up with the judicial process, thus affording prosecutors the heightened protection of absolute immunity.

There are no allegations in the Second Amended Complaint from which it may be inferred that any of the defendant prosecutors participated in the investigation leading to the criminal charges filed against Plaintiff or that any of the defendant prosecutors executed a certificate of probable cause. Furthermore, there are no allegations in the Second Amended Complaint of any conspiracy to fabricate charges in order to obtain revenues for the County.  Therefore, the Magistrate Judge's ruling that the allegations in the Second Amended Complaint do not state a claim against the defendant prosecutors because of absolute prosecutorial immunity is neither clearly

1  erroneous nor contrary to law.

2      Plaintiff further objects to the Magistrate Judge's Order

3  advising that, if Plaintiff elects to further amend, the

4  allegations must demonstrate how the conditions complained of

5  have resulting in the deprivation of his constitutional rights

6  and must allege in specific terms how each named defendant is

7  involved.  Plaintiff complains that the Order improperly imposes

8  a "heightened pleading" standard on a pro se plaintiff, whose

9  pleadings are to be liberally construed when determining whether

10  a claim for relief has been stated.

11      The Magistrate Judge's Order is neither clearly erroneous or

12  contrary to law.  The Order merely advises Plaintiff of elements

13  required to state a claim.

14      ACCORDINGLY, as set forth above,

15      Plaintiff's Request for Reconsideration by District Court

16  Judge of Magistrate Judge's Order is DENIED.

17                    IT IS SO ORDERED.

18  **Dated:    February 12, 2007              /s/ Oliver W. Wanger**
    emm0d6                        UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

                              6